JAMES A. RING v. J. M. SMITH ET AL.

(No. 1839, Op. Book No. 2, p. 376.)

APPEAL from Fannin County.    Opinion by WATTS, J.

§ 1115. *Homestead; constituent of family.* Suit by appellees and against appellant for their proportionate share of the rents of premises which had been occupied and used by appellant. The premises were the homestead of the parents of appellant and appellees, at the time of their death. Appellant, at the death of his mother, the last surviving parent, which occurred in 1873, was a minor, and the only remaining constituent of the family, the other children having all arrived at maturity. Appellant arrived at the age of maturity August 21, 1879. *Held:* The law in force at the time of the death of appellant's mother vested the homestead right in him, as the surviving constituent of the family, and it was not necessary to the enjoyment and exercise of that right for the probate court to designate and set the same aside to him, for in such case the law declares that the homestead did not constitute any part of the estate. The appellant was undoubtedly entitled to the use and occupation of the homestead, together with the fruits and revenues thereof, until he arrived at full age, and this right in him was entirely independent of the claims of the creditors of his parents' estates, and of those of the other heirs. It was never intended that the constituent of the family should be nothing more than an involuntary lessee of the home-

627

stead on a credit, the rents, revenues and profits of which he would be compelled to account for upon arriving at his majority. Such a construction of the law cannot be maintained. Enlightened justice would rebel, and common honesty denounce it. The right conferred by law is independent and absolute. [NOTE.— The question as to the *status* of the homestead with regard to the rights of the children after appellant arrived at the age of maturity was alluded to in the opinion, but a decision of it not being necessary to a disposition of the case, no expression of opinion thereon was made by the court.]

§ **1116.** *Tenants in common; not entitled to rents from each other.* One tenant in common cannot maintain an action against his co-tenant for any part of the rents and profits of the common property in the absence of a special agreement between them to account for rents. [McGrady v. McRae, *ante,* p. 583; 12 Cal. 419.]

June 25, 1881.            Reversed and rendered.